NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KENNETH ORLANDO SPARKS, AKA Kenneth Sparks, <br><br> Defendant - Appellant. | No. 23-4066 <br><br> D.C. No. 3:21-cr-00281-VC-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted August 19, 2025
San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

Kenneth Orlando Sparks (Sparks) appeals his conviction and sentence for production of child pornography, in violation of 18 U.S.C. § 2251(a), and sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1). Sparks argues that the district court erred by (1) denying his motion to suppress evidence, (2) issuing incorrect jury instructions for his sex trafficking charge, (3) applying a mandatory

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

minimum sentence for sex trafficking of a minor, and (4) formulating erroneous jury instructions for his child pornography charge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in denying Sparks's motion to suppress. We review a district court's denial of a motion to suppress de novo, and any factual findings for clear error. *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). We review de novo whether reasonable suspicion justified a stop. *United States v. Palos-Marquez*, 591 F.3d 1272, 1274 (9th Cir. 2010).

The Fourth Amendment protects against the unreasonable "[t]emporary detention of individuals during the stop of an automobile by the police." *Whren v. United States*, 517 U.S. 806, 809 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* at 810. "A traffic violation seizure 'justifies a police investigation of that violation.'" *United States v. Hylton*, 30 F.4th 842, 847 (9th Cir. 2022) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)). "[A]n officer may prolong a traffic stop if the prolongation itself is supported by independent reasonable suspicion." *United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015).

San Francisco Police Department (SFPD) Officer Flannery had probable cause to initiate a traffic stop on Sparks's vehicle after discovering that its

registration was expired. As the officer approached the vehicle, he asked Sparks to roll down the vehicle's rear window and reasonably explained that he "did so for officer safety reasons," given that he would be unable to see any potential threats behind a heavily tinted window. *Hylton*, 30 F.4th at 847. After doing so, and shortly after initiating the stop, the officer observed in the vehicle: clear high-heeled stiletto shoes, provocative clothing, money throughout the car, a woman's blue wig, and a passenger wearing a dress short enough to expose underwear, despite the cold weather. After observing these items and circumstances, the officer reasonably suspected prostitution based on "articulable facts." *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Thus, the officers had reasonable suspicion to prolong the stop to conduct additional investigation of Sparks and his passenger. We affirm the district court's order denying the motion to suppress.

2. Assuming, without deciding, that 18 U.S.C. § 1591(a) requires a greater showing of causation and knowledge than recognized by the district court, any failure to reflect those requirements in the jury instructions amounted to harmless error. The overwhelming evidence presented at trial showed that Sparks intentionally acted to facilitate the minor's sex trafficking and his actions were the but-for and proximate cause of the minor's sex trafficking. Those actions included transporting the minor for purposes of prostitution, coaching the minor in how to engage in prostitution, staying updated on the minor's locations while the minor was

engaged in prostitution, collecting prostitution proceeds from the minor, and selling explicit videos of the minor through a website he prepared.

Because the evidence of guilt was overwhelming, even under Sparks's proposed jury instructions, any error in instructing the jury was harmless. *See United States v. Perez*, 962 F.3d 420, 442 (9th Cir. 2020) ("Our harmless-error standard emphasizes that where evidence of a defendant's guilt is 'overwhelming,' even significant jury-instruction error can be harmless.").

3. The district court did not err by imposing a mandatory minimum sentence of ten years for Sparks's child sex trafficking conviction. Section 1591(b) sets a mandatory minimum sentence of ten years for an offense "under subsection (a)" where the victim is between 14 and 18 years of age. 18 U.S.C. § 1591(b)(2). Subsection (a) requires the defendant to know that the victim is a minor or act in reckless disregard of that fact. *Id.* § 1591(a). But Congress amended § 1591 to impose strict liability regarding the victim's age "[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the" victim. *Id.* § 1591(c). Section 1591(c)'s plain language does not establish a separate offense exempt from the mandatory minimum, as Sparks contends; instead, subsection (c) modifies subsection (a), so the mandatory minimum sentence applies. The district court, therefore, did not err in imposing the mandatory minimum sentence.

4. Finally, Sparks argues he should not have received a mandatory minimum sentence for production of child pornography without having a jury decide a state of mind requirement or, alternatively, that the district court should have allowed him to show a mistake of fact as to the minor's age by less than clear and convincing evidence. We previously rejected a similar argument and held that "knowledge of the minor's age is not necessary for conviction under section 2251(a)." *United States v. U.S. Dist. Ct. for the Cent. Dist. Of Cal.*, 858 F.2d 534, 538 (9th Cir. 1988). Although we recognized that "[a] defendant may avoid conviction only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the [victim was a minor]," *id.* at 543 (footnotes omitted), Sparks provides no basis for lowering that standard here.

**AFFIRMED.**